**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-04-1291-PCT-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Delyne Benally, | ) ) | |
| Defendant. | ) ) ) | |

Defendant has filed a motion for new trial based on alleged juror misconduct. Doc. #57. For the reasons set forth below, the Court will deny the motion.

## Background

A jury trial was held in this matter on October 11-14, 2005, in Prescott, Arizona. The jury found Defendant not guilty on Count 1, assault with a dangerous weapon, and guilty on Count 2, assault resulting in serious bodily injury. The charges concerned Defendant's alleged assault on his infant son.

During *voir dire* on October 11, 2005, Juror 25 stated that she worked part-time conducting background checks for a California company. The juror did not state that she had any knowledge of Defendant or had conducted a background check concerning him. Nor did the juror respond when asked if she knew Defendant on any basis. Juror 25 ultimately was placed on the jury and participated in rendering the verdict.

The jury returned its verdict on Friday, October 14, 2005. Doc. #64. On the

afternoon of Monday, October 17, 2005, the Court's Judicial Assistant received a telephone call from a person identifying himself as Juror 25's husband. The husband explained that, after reflection, his wife thought she might have encountered Defendant's name during a background check performed as part of her part-time work before trial. The Court's Judicial Assistant informed the caller that the juror should contact counsel for the parties and provided the caller with the names and phone numbers for the prosecutor and defense attorney. The Court directed its staff to call counsel and inform them of this contact and entered a text-only order reflecting the call to the Court's chambers. Doc. #51.

On the basis of this information, Defendant filed the present motion for new trial. Doc. #57. The Government has filed a response. Doc. #66. The Court held a status conference with Government counsel, defense counsel, and Defendant on December 16, 2005, at which the Court concluded that a hearing should be held to question Juror 25 about these matters. Doc. #70. The Court and counsel initially intended to conduct the hearing in Prescott on January 4, 2006 because the Court and one of the counsel were scheduled to be in trial in Prescott that day. When the trial settled, counsel for the Government and counsel for Defendant agreed that the hearing could be conducted in Phoenix, with Juror 25 (who lives in Northern Arizona) participating by telephone. Doc. #71.

The hearing was held on January 4, 2006 as scheduled. Doc. #72. Juror 25 appeared by telephone, was placed under oath, and responded to questions from the Court. *Id.* Counsel were given the opportunity at side-bar to suggest additional questions, and the Court asked those questions. *Id.*

Juror 25 testified as follows: She performs part-time background checks for a California company. The company performs background checks for employers on prospective employees. Following the trial, as she was driving home, Juror 25 recalled that she might have conducted a background check on Defendant. She was not certain, but his name sounded familiar. Juror 25 believes the background check might have revealed a prior conviction for child abuse. Juror 25 was not certain she had performed a background

check on Defendant and could recall no information concerning the possible child abuse conviction. Juror 25 did not remember the possible background check during *voir dire*, trial, or the jury's deliberation. When asked what triggered her memory while driving home, she could not identify any particular factor. Juror 25 did not discuss this information with any other juror at any time.[1]

### Discussion

The parties' briefs and the Court's legal research have identified three possible grounds for a new trial: (1) the two-part test for dishonest *voir dire* responses set forth in *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); (2) Defendant's showing of actual bias; and (3) Defendant's showing of inferred bias. The Court will discuss each of these grounds in turn.

**A.    The *McDonough* Test.**

In *McDonough*, the Supreme Court held that to obtain a new trial a party must demonstrate that (1) the juror failed to answer honestly a material question on *voir dire,* and (2) a correct response would have provided a valid basis for a challenge for cause. 464 U.S. at 556. The Supreme Court explained that "[t]he motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." *Id*. The Ninth Circuit has made clear that simple forgetfulness does not constitute "dishonesty" under the first prong of the *McDonough* test. *See United States v. Edmond*, 43 F.3d 472, 474 (9th Cir. 1994).

Evidence presented by Defendant and generated during the hearing demonstrates that Juror 25 did not respond dishonestly during *voir dire*. The uncontradicted evidence shows that Juror 25 did not recall her possible background check of Defendant until after the trial had been concluded. Because mere forgetfulness cannot satisfy the first prong of *McDonough*, the Court concludes that a new trial is not warranted under the

---

[1] During questioning of Juror 25 the Court was mindful of Federal Rule of Evidence 606(b). As a result, the Court did not ask questions about the jury's deliberations or about Juror 25's thoughts during deliberations.

*McDonough* test.

### B. Actual Bias.

In a concurrence to *McDonough*, Justices Blackman, Stevens, and O'Connor explained that "regardless of whether a juror's answer is honest or dishonest, it remains within a trial court's option, in determining whether a jury was biased, to order a post-trial hearing at which the movant has the opportunity to demonstrate actual bias[.]" 464 U.S. at 556. Assuming that this concurring opinion reflects current law, the Court cannot conclude that Defendant has shown actual bias. The unrefuted evidence demonstrates that Juror 25 did not recall her possible background check of Defendant before or during trial. The evidence also establishes that Juror 25 did not discuss this possible background check with other jurors. In addition to the fact that this evidence is uncontroverted, the Court finds it to be credible. Juror 25 and her husband promptly contacted the Court and counsel after she recalled this information, she willingly made herself available for the January 4, 2006 hearing, and the Court found her answers during the hearing to be forthright and candid. Given this evidence, the Court cannot conclude that Defendant has demonstrated actual bias on the part of Juror 25.

### C. Inferred Bias.

The concurring opinion in *McDonough* also states that the trial court may afford the movant an opportunity to demonstrate, "in exceptional circumstances, that the facts are such that bias is to be inferred." *Id.* at 556-57. The Ninth Circuit has identified four circumstances where bias might be inferred. *See Tinsley v. Borg*, 895 F.2d 520, 528-29 (9th Cir. 1990). The Ninth Circuit has emphasized, however, that "[o]nly in 'extreme' or 'extraordinary' cases should bias be presumed." *Id.* at 527 (quoting *Smith v. Phillips*, 455 U.S. 209, 222, 223 n.* (1982)).

Defendant argues that the first of the four *Tinsley* circumstances applies here: "Courts have found implied bias where the juror is apprised of such prejudicial information about the defendant that the court deems it highly unlikely that he can exercise independent judgment even if the juror states he will." *Id.* at 528. The Court concludes

1   that such inferred bias has not been shown in this case.

2   Information about a prior child abuse conviction possessed by a juror in a child
3   abuse case would certainly be regarded as "prejudicial information" within the meaning of
4   *Tinsley*, but the Court cannot conclude that Juror 25 was "apprised of such prejudicial
5   information" during trial, nor that it was "highly unlikely" that Juror 25 could exercise
6   independent judgment.  *Id*.  As noted above, the undisputed evidence shows that Juror
7   25 did not recall the possible background check or its results until after the jury had
8   rendered its verdict and trial had been concluded.  Even then, Juror 25 was not certain she
9   had conducted such a check on Defendant.  As also noted above, the Court finds this
10  evidence to be credible.

11  Because Defendant has not shown that Juror 25 was apprised of prejudicial
12  information during the course of trial or that it is highly unlikely Juror 25 could have
13  exercised independent judgment, the first *Tinsley* circumstance for inferred bias has not
14  been established.  Defendant does not claim that any other *Tinsley* circumstances apply.

### Conclusion

16  Defendant has not established that the *McDonough* test is satisfied, that Juror 25
17  possessed actual bias, or that this is one of the "extreme" or "extraordinary" cases where
18  the Court should infer bias.  *Id*. at 527.  Defendant's motion will therefore be denied.

19  **IT IS HEREBY ORDERED** that Defendant's motion for new trial (Doc. #57) is
20  **denied**.

21  DATED this 6th day of January, 2006.

_David G. Campbell_
David G. Campbell
United States District Judge

- 5 -