IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delyne Benally,<br><br>    Defendant/Movant<br><br>vs.<br><br>United States of America,<br><br>    Plaintiff/Respondent. | No. CR-04-1291-PCT-DGC<br>    CV-07-8097-PCT-DGC (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (docket # 98) Respondent has filed a Response. (docket # 103) Movant has not replied and the deadline has passed.

**I. Procedural Background**

On December 16, 2004, a federal grand jury in the District of Arizona returned an indictment charging Movant with one count of Assault with a Dangerous Instrument, committed in Indian Country, in violation of 18 U.S.C. § 1153 and 113(a)(3), and one count of Assault Resulting in Serious Bodily Injury, committed in Indian Country, in violation of 18 U.S.C. § 1153 and 113(a)(6). On March 2, 2005, Movant filed a motion to dismiss Count 1 which the District Judge denied on April 4, 2005. (docket # 23)

On October 11, 2005, Movant's jury trial commenced with *voir dire*. (docket # 52) The trial lasted until October 14, 2005, when the jury acquitted Movant of Count 1 and found him guilty of Count 2. (docket # 56; Respondents' Exh. C, Tr. 10/14/05 at 3-4) On October 20, 2005, counsel for the Government filed a notice of a telephone call from a juror

indicating that the juror may have performed a background check on Movant in the course of her employment, but she did not recall this until after she returned home after the trial. (docket # 55)  Movant filed a motion for a new trial based on this information. (docket # 57) On January 4, 2006, the District Judge held a hearing at which the juror testified telephonically. (docket # 72)  On January 6, 2006, the District Judge denied Movant's motion for a new trial. Movant was sentenced on January 9, 2006. (dockets ## 73, 75) Movant's counsel filed no objections to the presentence report and sentencing recommendations, and Movant made no statements to the court on counsel's advice. (docket # 75; Respondent's Exh. D, Tr. 1/9/06 at 3-5)  Movant was committed to the custody of the Bureau of Prisons for sixty months, to be followed by three years of supervised release. (docket # 75; Respondents' Exh. D, Tr. 1/9/06 at 6; Respondents' Exh. E)

On January 10, 2006, Movant appealed his conviction to the Ninth Circuit challenging the denial of his motion for a new trial. (docket # 74; Respondents' Exh. F)  On November 15, 2006, the Ninth Circuit Court of Appeals affirmed Movant's conviction. (docket # 91)

Thereafter, Movant filed a motion for leave to file a second or successive petition for writ of habeas corpus in this Court. (docket # 94)  On October 1, 2007, the Court, noting that Movant had never filed a first such motion, construed the motion as a Motion to Vacate pursuant to 28 U.S.C. § 2255 and denied the motion with leave to amend. (docket # 97)  On October 16, 2007, Movant filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 98) raising the following claims:

    (1) Ground One:

        (a) counsel was ineffective because "the shirt as evidence was not tested for DNA;"

        (b) Criminal Investigator and Federal Marshal lied under oath about recording an interview.

        (c) The arresting officer lied under oath about entering the residence.

        (d) Counsel was ineffective because he influenced Movant by being "super optimistic" about winning the case, and conveying that if the "higher [charge] was dropped so would the smaller one."

- 2 -

(2) Ground Two: The district judge had no witnesses at pretrial and improperly depended on the probation officer at sentencing.

(docket # 98 at 5-6)  Respondent asserts that Movant's claims are procedurally defaulted or lack merit.  Movant has not filed a reply.  Respondent concedes that the § 2255 Motion is timely, therefore, the Court will not address this issue further.  (docket # 103 at 3-4)

## II.  Analysis

Movant raises several claims of ineffective assistance of trial counsel and trial error.  For the reasons set forth below, the Court finds that these claims are either procedurally defaulted or lack merit.

### A.  Procedural Default

Movant did not raise any of his claims of trial error raised in Grounds 1(b), 1(c) and Ground 2 on direct appeal, therefore, those claims are procedurally defaulted and barred from review under § 2255.  A § 2255 motion is not a substitute for a direct appeal.  *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Dunham*, 767 F.2d 1395, 1396 (9th Cir. 1985)(stating that "[s]ection 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal.")  The Ninth Circuit has held that:

> Section 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction . . .Or stated another way, grounds which were apparent when appellant appealed from his conviction, cannot, thereafter, be made the basis for an attack on a motion to set aside judgment and sentence.

*Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969) (internal citations omitted). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error."  *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993)(citing *Frady*, 456 U.S. at 168).  "Once the defendant's chance to appeal has been waived or exhausted, . . . [the court is] entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum."  *Frady*, 456 U.S. at 164.  "Mere conclusory statements in a

- 3 -

§ 2255 motion are not enough to require a hearing." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980) (quotations omitted), *cert. denied*, 451 U.S. 938 (1981).

The "cause and prejudice" standard requires the prisoner to show not only that some "objective factor external to his defense" impeded his efforts to raise the issue as required by the procedural rule, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170 (emphasis in original). Otherwise, the defendant must prove a gross miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

On direct appeal, Movant did not raise his claims raised in Ground 1(b) and (c) that the criminal investigator, Federal Marshal, and arresting officer lied under oath. (Respondents' Exh. F) Likewise, Movant did not raise on direct appeal his claim raised in Ground 2 that the district judge erred by not having witnesses at pretrial and improperly relied on the probation department during sentencing. (Respondents' Exh. F)

Because Movant failed to raise these claims on direct appeal, he is precluded from raising them in a § 2255 motion. Movant's claims amount to nothing more than "mere conclusory statement[s]," and Movant demonstrates neither cause excusing his procedural default nor actual prejudice resulting from the claim of error. *Hearst*, 638 F.2d at 1194. Likewise, Movant has not shown that a fundamental miscarriage of justice will result if these claims are not considered. In view of the procedural default, Movant's claims raised in Grounds 1(b) and 1(c), and Ground 2 should be denied.

**B.  Claims of Ineffective Assistance of Counsel.**

Movant properly raises his claims of ineffective assistance counsel in his § 2255 motion. *See, United States v. McKenna*, 326 F.3d 830, 845 (9th Cir. 2003)(stating that, as a general rule, the Ninth Circuit does not review challenges to the effectiveness of defense counsel on direct appeal). Movant claims that trial counsel was ineffective because: (1) he

failed to test a shirt for DNA; and (2) counsel was "super-optimistic" about winning the case, which influenced Movant.[1] (docket # 98 at 5)

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a defendant must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner.  *Strickland*, 466 U.S. at 687; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999).  To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998).  Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

To establish a Sixth Amendment violation, petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance. *Strickland*, 466 U.S. at 691-92; *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 2563 (2006)(stating

---

[1] Movant's first ground for relief can also be construed as arguing that trial counsel was ineffective for failing to object to the testimony of the Criminal Investigator, Federal Marshal, and arresting officer who lied under oath.  (docket # 98 at 5)  Movant does not provide any evidence or argument in support of his allegation that these witnesses lied or that counsel was ineffective for failing to object to the testimony of the foregoing individuals. Movant's unsupported, conclusory allegations are not sufficient to support a claim for federal habeas relief. *See, Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995)(stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.)  Additionally, because Petitioner fails to allege specific facts showing prejudice, the reasonableness of counsel's representation is inconsequential. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

that "a violation of the Sixth Amendment right to *effective* representation is not 'complete' until the defendant is prejudiced.")(emphasis in original).  To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Hart*, 174 F.3d at 1069; *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998).  The court may proceed directly to the prejudice prong. *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000)(citing *Strickland*, 466 U.S. at 697).  The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

### 1. Counsel's Influence on Movant

Movant claims that counsel's optimism about winning the case improperly influenced Movant.  (docket # 98 at 5) Movant does not provide any evidence in support of this claim.  Movant's unsupported, conclusory allegations are not sufficient to support a claim for federal habeas relief. *See, Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995)(stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.)  Additionally, because Petitioner fails to allege specific facts showing prejudice, the reasonableness of counsel's representation is inconsequential. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

### 2. DNA Testing

Movant also argues that trial counsel was ineffective for failing to obtain DNA testing of "the shirt." (docket # 98 at 5)  At trial, the victim's mother, testified that while she was cooking dinner on the evening of November 12, 2004, Movant, who had been drinking, took the victim into the bedroom of the home where they lived with her parents and several other children.  The victim's mother heard crying and went to the bedroom, but the door was locked. (Respondents' Exh. A, Tr. 10/11/05 at 184-188)  She knocked for several minutes before Movant opened the door.  When the victim's mother entered the bedroom, she observed red marks on the victim's face and blood on his nose. (Respondents' Exh. A, Tr. 10/11/05 at 188-189) When the victim's mother moved Movant's discarded white t-shirt, she

saw blood on a blanket and the floor. (*Id.* at 192-193) Movant had been wearing the white t-shirt when he entered the bedroom but was wearing a different gray t-shirt when the victim's mother entered the bedroom. (Respondents' Exh. A, Tr. 10/12/05 at 193)

The next day, Criminal Investigator Joan Kerr went to Movant's residence where one of the victim's older siblings showed her blankets, towels, and a t-shirt soaking in a tub. (Respondents' Exh. B, Tr. 10/12/05 at 75)  Criminal Investigator Kerr noticed blood on the t-shirt, which she seized as evidence and submitted to the Department of Public Safety ("DPS") lab.  (Respondents' Exh. B, Tr. 10/12/05 at 75-76)  Courtney Snyder of the DPS lab tested the shirt and found that the blood on the t-shirt matched the victim's blood.  The parties stipulated this into evidence. (Respondents' Exh. B, Tr. 10/12/05 at 76)

Movant claims that counsel was ineffective because the shirt was not tested for DNA.  Defense counsel has a "duty to make reasonable investigations or to make reasonable decisions that make particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "This includes a duty to investigate the defendant's 'most important defense,' . . . and a duty adequately to investigate and introduce into evidence records that demonstrate factual innocence, or that raise sufficient doubt on that question to undermine confidence on the verdict . . . However, 'the duty to investigate is not limitless . . . .'" *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001)(citations omitted.)  Contrary to Movant's assertion, the record reflects that Movant's shirt was DNA tested.  Thus, there was no need for counsel to conduct further investigation to establish what was already in the record.  Movant does not explain why defense counsel was ineffective in failing to obtain additional DNA testing when the shirt had already been tested.  The Government had the shirt tested for DNA, and the blood found on the shirt matched the victim's DNA.  Movant stipulated to the results of the DPS testing. (Respondents' Exh. B, Tr. 10/12/05 at 76)  Movant has not established that counsel was deficient in failing to conduct further investigation of Movant's shirt. Moreover, Movant has not shown that he suffered any prejudice as a result of counsel's allegedly deficient performance, accordingly, his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 690.

**III. Conclusion**

Based on the foregoing, the Court finds that Movant's allegations of trial error are procedurally defaulted and that his claims of ineffective assistance of counsel lack merit.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (docket # 98) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 1st day of May, 2008.

Lawrence O. Anderson
United States Magistrate Judge