**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delyne Benally,<br><br>    Defendant/Movant,<br><br>vs.<br><br>United States of America,<br><br>    Plaintiff/Respondant. | No. CR-04-1291-PCT-DGC<br>CV-07-8097-PCT-DGC (LOA)<br><br>**ORDER** |

Movant Delyne Benally filed an amended *pro se* motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Dkt. #98. United States Magistrate Judge Lawrence O. Anderson prepared a Report and Recommendation ("R & R"). Dkt. #105. The R & R recommends that the motion be denied as procedurally defaulted with respect to grounds (1)(b), (1)(c), and (2) and denied on the merits with respect to grounds (1)(a) and (1)(d). *Id.* The Court will adopt the R & R and deny the motion.

**I    Background.**

A federal grand jury indicted Movant on one count of Assault with a Dangerous Instrument, committed in Indian Country, pursuant to 18 U.S.C. §§ 1153 and 113(a)(3), and one count of Assault Resulting in Serious Bodily Injury, committed in Indian Country, pursuant to 18 U.S.C. §§1153 and 113(a)(6). Dkt. #105 at 1. On October 14, 2005, a jury acquitted Movant on the first count and convicted him on the second. *Id.* at 2. The Ninth Circuit Court of Appeals affirmed the conviction on November 15, 2006. *Id.* On October 1, 2007, Movant filed a motion for leave to file a second or successive petition for writ of

habeas corpus. Because he had not filed a first motion, the Court construed the motion as a Motion to Vacate pursuant to 28 U.S.C. §2255 and denied it with leave to amend. *Id.* On October 16, 2007, Movant filed an Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. *Id.*

Judge Anderson organized Movant's claims for relief from his conviction as follows: (1)(a) "counsel was ineffective because 'the shirt as evidence was not tested for DNA,'" (1)(b) "Criminal Investigator and Federal Marshal lied under oath about recording an interview," (1)(c) "the arresting officer lied under oath about entering the residence," (1)(d) "Counsel was ineffective because he influenced Movant by being 'super optimistic' about winning the case, and conveying that if the 'higher [charge] was dropped so would the smaller one,' " and (2) "The district judge had no witnesses at pretrial and improperly depended on the probation officer at sentencing." Dkt. #105 at 3-4 (alterations in original). Judge Anderson concluded that grounds (1)(b), (1)(c), and (2) were procedurally defaulted and barred from review because they should have been raised on direct appeal. *Id.* at 3. He also concluded that grounds (1)(a) and (1)(d) lacked merit under the analysis for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* The R & R recommended that the Court deny Movant's Section 2255 motion. *Id.* at 8. Movant filed a series of objections to the R & R on May 13, 2008, asking the Court to reject it and seeking an evidentiary hearing concerning the issues of both procedural default and ineffective assistance of counsel. Dkt. #106.

II  **Legal Standard.**

The court is to undertake a *de novo* review of those portions of the R & R to which specific objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1). The court may deny an evidentiary hearing "if the petitioner's allegations, viewed against the record, fail to state a claim for relief." *United States v. McMullen*, 98 F.3d 1155 (9th Cir. 1996) (citation omitted). In order to "earn the right to a hearing," a movant must "allege specific facts which, if true, would entitle him to

relief." *Id.* "Merely conclusory statements in a § 2255 motion," however, "are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).[1]

**III    Analysis.**

Movant argues that none of his claims are procedurally defaulted and that there was ineffective assistance of counsel. The Court will address the arguments for ineffective assistance first.

**1. Ineffective Assistance of Counsel**.

Movant objects to Judge Anderson's conclusion that the claims of ineffective assistance of counsel (grounds (1)(a) and (1)(d)) lack merit. Dkt. #106 at 2. *Strickland* provides the general standard. A defendant alleging ineffective assistance must show that counsel's performance was deficient and that the deficient performance caused prejudice to the defendant. 466 U.S. at 687. To establish deficiency, the defendant must demonstrate that the counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. To establish prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

---

[1] Movant is a *pro se* prisoner who claims to have "no knowledge of Federal Law" and now asks that his original motion be held to the more lenient standard of *Haines v. Kerner*, 404 U.S. 519 (1972). Dkt. #106 at 1. *Kerner* requires that *pro se* complaints be held to a "less stringent standard than formal pleadings drafted by lawyers." *Id.* 2at 520-521; *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (Courts have a duty to liberally construe the pleadings of *pro se* litigants, particularly those filed by *pro se* prisoners.). This more lenient standard, however, applies only to the form of a motion and not to its merits. *See, e.g. Tatum v. Christensen*, 786 F.2d 959, 963 n.4 (9th Cir. 1986) (deciding *pro se* defendant's writ of habeas corpus on the merits, even though it was unclear whether the form should have been a writ of mandamus) (overruled on other grounds by *Wallace v. Christensen*, 802 F.2d 1539 (9th Cir. 1986)). Judge Anderson properly followed this standard by organizing Movant's claims prior to analysis. *See* Dkt. #105 at 2-3.

A court's "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Almeda*, 815 F.2d 1251, 1253 (9th Cir. 1986) (citation omitted). Moreover, courts are reminded to make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Movant argues in ground (1)(a) that his attorney failed to have a shirt tested for DNA evidence. *Strickland* acknowledges counsel's duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. This includes a duty to investigate a defendant's "most important defense" and to "investigate and introduce into evidence records that demonstrate factual innocence, or that raise sufficient doubt on that question to undermine confidence on the verdict." *Bragg v. Galzoa*, 242 F.3d 1082, 1088 (9th Cir. 2001) (citations omitted). The duty, however, "is not limitless." *Id.* Counsel need not pursue "every path until it bears fruit or until all conceivable hope withers." *United States v. Tucker*, 716 F.2d 576, 584 (9th Cir. 1983).

When criminal investigator Joan Kerr searched Movant's residence for evidence of the assault, she seized a t-shirt containing blood and submitted it to the Department of Public Safety ("DPS") lab for DNA testing. Dkt. #105 at 7. The DNA test matched the blood on the shirt to Movant, and both parties stipulated this fact into evidence. *Id.* at 7; Dkt. #103-1 at 18. Movant does not explain in his objections why a second test is necessary, but states in a conclusory fashion that he informed his attorney that testing the shirt "would have demonstrated that the Movant is actually innocent of the crime charged." Dkt. #106 at 2. Because Movant does not dispute that the t-shirt had already been tested for DNA, counsel's decision not to retest the shirt was not objectively unreasonable. Moreover, Movant provides no factual basis to support the claim that a second test would have produced a different result. As a result, it is not reasonably probable that additional testing of the shirt would have altered the outcome of the trial.

- 4 -

1    Movant contends in ground (1)(d) that he trusted his attorney because he was "super
2 optimistic" about the chances of prevailing at trial. Dkt. #98 at 5. Although a "gross
3 mischaracterization of the likely outcome" may be enough to constitute deficiency, "a mere
4 inaccurate prediction, standing alone, would not constitute ineffective assistance." *United*
5 *States v. Iaea*, 800 F.3d 861, 865 (9th Cir. 1986). Movant claims that because of counsel's
6 belief that he could win the trial, Movant "placed all of this trust" in counsel when he did not
7 seek a plea agreement. Dkt. #106 at 2-3. He also asserts that "[c]learly, any competent
8 counsel would have attempted to reach a plea agreement with the Government and present
9 an offer to his client." *Id.* at 2. The R & R correctly points out, however, that Movant
10 provides no facts to support these conclusions. Dkt. #105 at 6. Movant does not cite any
11 evidence to suggest that counsel grossly mischaracterized the likely outcome of the case. If
12 counsel made any predictions about the outcome, they are more likely to be "mere inaccurate
13 predictions" within the range of reasonable representation. *See Idea*, 800 F.3d at 865.
14 Furthermore, even if counsel should have sought a plea agreement, Movant does not state,
15 nor is there any basis to believe, that either Movant or the Government would have accepted
16 such an agreement.

17    Movant provides no facts to support his conclusory allegations of deficiency and
18 prejudice, and so the Court finds that he has not established ineffective assistance of counsel
19 and is not entitled to an evidentiary hearing. *See Johnson*, 988 F.2d at 945.

20    **2. Procedural Defaults**.

21    Movant objects to Judge Anderson's decision that grounds (1)(b), (1)(c), and 2 are
22 procedurally defaulted because the claims should have been raised on direct appeal.
23 Dkt. #106 at 2. A Section 2255 motion cannot serve as a substitute for a direct appeal.
24 *United States v. Frady*, 456 U.S. 152, 165 (1982); *Hammond v. United States*, 408 F.2d 481,
25 483 (9th Cir. 1969) ("Section 2255 may not be invoked to relitigate questions which were
26 or should have been raised on a direct appeal."). If a defendant's Section 2255 claim should
27 have been raised on direct appeal and was not, it is procedurally defaulted unless the
28 defendant can show "both cause excusing his procedural default, and actual prejudice

resulting from the claim of error." *Johnson*, 988 F.2d at 945 ("Once the defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum.") (citations omitted).

Under the "cause and actual prejudice" standard, a defendant shows cause when he demonstrates that some "objective factor external to his defense" impeded his efforts to raise the issues as required by procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To show prejudice, he must demonstrate that this error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170 (emphasis in original). If a defendant cannot satisfy this test, he can raise his claim in a Section 2255 motion only in the extraordinary case where he can prove a "fundamental miscarriage of justice," when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Judge Anderson concluded that Movant's claims are procedurally defaulted because he failed on direct appeal to allege that the criminal investigator, federal marshal, and arresting officer lied under oath or that the Court erred by not having witnesses at "pretrial" and relying on the probation officer during sentencing. Dkt. #105 at 4. In his objections, Movant argues that he advised his attorney of these issues, but his lawyer failed to raise them on appeal due to a conflict of interest, constituting ineffective assistance of counsel. Dkt. #106 at 2.

Ineffective assistance of counsel satisfies the "cause and actual prejudice" standard if it meets the *Strickland* test requiring deficiency and prejudice. *United States v. Ratigan*, 351 F.3d 957, 965 (9th Cir. 2003) (citations omitted). Yet Movant does not state any facts in his original motion or in his objections to explain why his attorney should have raised these claims on appeal, how there was a conflict of interest between cousel and Movant, and how that conflict prevented counsel from raising the issues. This falls short of the *Strickland* standard because "the mere fact that counsel failed to recognize the factual or legal basis for the claim, or failed to raise the claim despite recognizing it, does not constitute cause for a

- 6 -

1 procedural default." *Id.* (citation omitted).  Also, Movant's does not provide any factual
2 support for his allegation that the outcome of the proceedings would have been different, and
3 therefore fails to establish prejudice.  Dkt. #106 at 2.  Because Movant does not allege
4 specific facts to support his claim for ineffective assistance of counsel, but instead relies on
5 conclusory statements that his counsel had a "conflict of interest" and "the outcome of the
6 proceedings would have been different" (Dkt. #106 at 2), he is not entitled to an evidentiary
7 hearing.  *See Johnson*, 988 F.2d at 945.  Because Movant cannot meet the "cause and actual
8 prejudice" standard, the Court agrees that grounds (1)(b), (1)(c), and (2) are procedurally
9 defaulted.

**IT IS ORDERED:**

1. The R & R (Dkt. #105) is **adopted**.
2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. #98) is **denied**.
3. The clerk is directed to **terminate** this action.

DATED this 24th day of June, 2008.

*David G. Campbell*
United States District Judge